# U.S. District Court
# District of Idaho (LIVE) NextGen 1.9 (Boise − Southern)
# CRIMINAL DOCKET FOR CASE #: 1:26−mj−00212−DKG−1

Case title: USA v. Love

Date Filed: 08/25/2026

Other court case numbers: 1:26−mj−211 District of Idaho
3:26−mj−227 District of Oregon

---

Assigned to: US Magistrate Judge Debora K Grasham

**Defendant (1)**

**Daejon Labrayae Love** represented by **Idaho Federal Defender**
Federal Defender Services of Idaho Inc
702 West Idaho Street, Suite 1000
Boise, ID 83702
(208) 331−5500
Email: joy_fish@fd.org
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Public Defender or Community Defender Appointment*

| **Pending Counts** | **Disposition** |
| --- | --- |
| None | |

**Highest Offense Level (Opening)**

None

| **Terminated Counts** | **Disposition** |
| --- | --- |
| None | |

**Highest Offense Level (Terminated)**

None

| **Complaints** | **Disposition** |
| --- | --- |
| None | |

---

**Plaintiff**

**USA** represented by **Kassandra McGrady**
United States Attorney's office

1290 West Myrtle Street, Suite 500
Boise, ID 83702
208−334−9129
Email: kassandra.mcgrady@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

| Date Filed | # | Docket Text |
|---|---|---|
| 08/25/2026 | 1 | Rule 5(c)(3) Documents Received from the District of Oregon case no. 3:26−mj−227 as to Daejon Labrayae Love (Notice sent to USP & USM) (Attachments: # 1 Court docket, # 2 Sealed warrant)(jd) |
| 08/25/2026 | 2 | DOCKET ENTRY NOTICE OF HEARING as to Daejon Labrayae Love (Notice sent to USP & USM) Initial Appearance − Rule 5(c)(3) set for 8/27/2026 12:45 PM in Boise − Courtroom 6 before US Magistrate Judge Debora K Grasham. (at) |
| 08/26/2026 | 3 | Criminal Cover Sheet re 2 Notice of Hearing. (ac) |
| 08/26/2026 | 4 | MOTION for Detention (Notice sent to USP) by USA as to Daejon Labrayae Love. (McGrady, Kassandra) |
| 08/27/2026 | 5 | Docket Text Minute Entry for proceedings held before US Magistrate Judge Debora K Grasham: Appearance by Darci Crane for the Government; Federal Defender John Cacheris appointed for the Defendant. Probation Officer Collin Graf present. Initial Appearance in Rule 5(c)(3) Proceedings as to Daejon Labrayae Love held on 8/27/2026. Court reviewed CJA23 Financial Affidavit. Upon proper finding by the Court, Defendant may be ordered to pay for all or part of the services of his appointed counsel pursuant to 18 U.S.C. §3006A(c), (f). Assertion of Fifth and Sixth Amendment Rights executed. Notice given re: GO392 − Brady Act. Waiver of Rule 5(c)(3) Hearing executed. Oral showing/proffer by the Government re: 18 U.S.C. § 3142(f)(2) threshold. Government's Motion for Detention also filed at Dkt. 4 . Proffer by Defendant. Court determined a detention hearing is authorized in this matter, as stated on the record. Preliminary Revocation Hearing and Detention Hearing requested to occur in the charging district. Defendant to be transported by USMS to the District of Oregon for all further proceedings. Commitment to Another District executed. (Notice sent to USP & USM) Time in Court 1:11−1:41 PM. (ESR A. Tate.) Audio File Location Boise − Courtroom 6. (at) (Entered: 08/31/2026) |
| 08/27/2026 | 6 | DOCKET ENTRY ORDER APPOINTING FEDERAL DEFENDER: as to Daejon Labrayae Love. On the basis of the sworn financial affidavit, the Court finds Defendant is financially unable to retain counsel. It is hereby ORDERED that the Federal Defender Services of Idaho is hereby appointed to represent Defendant in these proceedings pursuant to Title 18 United States Code 3006A. IT IS FURTHER ORDERED that the Federal Defender shall immediately notify the Clerk's Office of any conflict of interest or inability to continue this appointment. Signed by US Magistrate Judge Debora K Grasham. (at) (Entered: 08/31/2026) |
| 08/27/2026 | 7 | DOCKET TEXT DUE PROCESS PROTECTIONS ACT ORDER as to Daejon Labrayae Love: The Government shall adhere to all provisions of General Order #392.. Signed by US Magistrate Judge Debora K Grasham. (at) (Entered: 08/31/2026) |
| 08/27/2026 | 8 | CJA 23 Financial Affidavit by Daejon Labrayae Love (at) (Entered: 08/31/2026) |

| | | |
|---|---|---|
| 08/27/2026 | 9 | ASSERTION OF FIFTH AND SIXTH AMENDMENT RIGHTS by Daejon Labrayae Love (at) (Entered: 08/31/2026) |
| 08/27/2026 | 10 | WAIVER of Rule 5(c)(3) Hearing by Daejon Labrayae Love (Notice sent to USP & USM) (at) (Entered: 08/31/2026) |
| 08/27/2026 | 11 | COMMITMENT TO ANOTHER DISTRICT as to Daejon Labrayae Love. Defendant committed to District of Oregon 3:26−mj−00227. (Notice sent to USP & USM). Signed by US Magistrate Judge Debora K Grasham.(caused to be mailed to non Registered Participants at the addresses listed on the Notice of Electronic Filing (NEF) by (lm) (Entered: 09/01/2026) |

MIME−Version:1.0
From:ecf@id.uscourts.gov
To:CourtMail@localhost.localdomain
Bcc:
−−Case Participants: Idaho Federal Defender (id_attyecf@fd.org, joy_fish@fd.org, magali_ceja@fd.org, sybil_davis@fd.org, tabitha_penny@fd.org), Kassandra McGrady (caseview.ecf@usdoj.gov, christy.bright@usdoj.gov, kassandra.mcgrady@usdoj.gov, usaid.ecfnotice@usdoj.gov), US Magistrate Judge Debora K Grasham (debora_grasham@id.uscourts.gov)
−−Non Case Participants: Pretrial Probation (pretrial@idp.uscourts.gov), US MARSHAL (ecf.idaho@usdoj.gov), US PROBATION SOUTHERN (boise@idp.uscourts.gov, travis.humkey@usdoj.gov)
−−No Notice Sent:

Message−Id:2906113@id.uscourts.gov
Subject:Activity in Case 1:26−mj−00212−DKG USA v. Love Notice of Hearing
Content−Type: text/html

**U.S. District Court**

**District of Idaho (LIVE) NextGen 1.9**

## Notice of Electronic Filing

The following transaction was entered on 8/25/2026 at 5:03 PM MDT and filed on 8/25/2026

| | |
|---|---|
| **Case Name:** | USA v. Love |
| **Case Number:** | 1:26−mj−00212−DKG |
| **Filer:** | |
| **Document Number:** | 2(No document attached) |

**Docket Text:**
**DOCKET ENTRY NOTICE OF HEARING as to Daejon Labrayae Love (Notice sent to USP & USM) Initial Appearance − Rule 5(c)(3) set for 8/27/2026 12:45 PM in Boise − Courtroom 6 before US Magistrate Judge Debora K Grasham. (at)**

**1:26−mj−00212−DKG−1 Notice has been electronically mailed to:**

Idaho Federal Defender     joy_fish@fd.org, ID_AttyECF@fd.org, magali_ceja@fd.org, Sybil_Davis@fd.org, Tabitha_Penny@fd.org

Kassandra McGrady     kassandra.mcgrady@usdoj.gov, CaseView.ECF@usdoj.gov, christy.bright@usdoj.gov, USAID.ECFNOTICE@usdoj.gov

**1:26−mj−00212−DKG−1 Notice will be served by other means to:**

# CRIMINAL COVERSHEET

| | | | |
|---|---|---|---|
| DEFENDANT'S NAME: | **Daejon Labrayae Love** | CASE INFORMATION: | 1:26-mj-00212-DKG |
| JUVENILE: | No | RELATED COMPLAINT: | Yes |
| PUBLIC or SEALED: | Public | CASE NUMBER: | 3:26-mj-00227 |
| SERVICE TYPE: (Summons/ Warrant/ Notice) | Warrant | | |
| ISSUE: | | County of Offense: | Clackamas, Oregon |
| INTERPRETER: | | | |
| If YES, language: | | | |

## CRIMINAL CHARGING INFORMATION

CHARGING DOCUMENT: Complaint, District of Oregon

Felony: **Yes** Class A Misdemeanor: **No**

Class B or C Misdemeanor: **No**
(Petty Offense)

| **STATUTE** (Title and Section(s)) | **COUNT/ FORFEITURE ALLEGATION** | **BRIEF DESCRIPTION** | **PENALTIES** (Include Supervised Release and Special Assessment) |
|---|---|---|---|
| **18 U.S.C. § 1349** | **One** | **Conspiracy to Commit Wire Fraud** | **20 years, 3 years supervised release, $250,000.00 fine, $100 Special Assessment** |
| **18 U.S.C. § 1343** | **Two** | **Wire Fraud** | **20 years, 3 years supervised release, $250,000.00 fine, $100 Special Assessment** |

Date: 26 August 2026

Assistant U.S. Attorney: **Darci Crane**
Telephone No.: (208) 334-1144

BART M. DAVIS, IDAHO STATE BAR NO. 2696
UNITED STATES ATTORNEY
KASSANDRA MCGRADY, IDAHO STATE BAR NO. 8455
ASSISTANT UNITED STATES ATTORNEY
DISTRICT OF IDAHO
1290 W. MYRTLE ST. SUITE 500
BOISE, ID 83702-7788
TELEPHONE: (208) 334-1211
FACSIMILE: (208) 334-1413

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br>vs.<br><br>DAEJON LABRAYAE LOVE,<br><br>Defendant. | Case No. 1:26-mj-00212-DKG<br><br>**MOTION FOR DETENTION** |

Pursuant to 18 U.S.C. § 3142(e) and (f), the United States requests the Defendant DAEJON LABRAYAE LOVE (hereinafter "Defendant" or "Love") be detained pending his transfer to the District of Oregon where the charges were filed. Due to a serious risk that Defendant will flee, a detention hearing is authorized under 18 U.S.C. § 3142(f)(2)(A) to determine whether any condition or combination of conditions will reasonably assure the appearance of Defendant. At the hearing, the United States will present evidence and argument as to Defendant's serious risk of flight. The United States therefore submits this motion to make the threshold showing that a detention hearing is warranted. This motion previews some of the evidence and argument that the Government expects to present at the hearing.

**BACKGROUND**[1]

On August 17, 2026, Love was charged with wire fraud and conspiracy (both felonies) in a criminal complaint filed in the District of Oregon. On August 24, 2026, Love and his co-defendant, Taylor Chan, were both arrested at the Boise Airport on those charges. The charges relate to allegations that Love and Chan engaged in an elaborate and long-term scheme to defraud or attempt to defraud 26 victims out of over $1.3 million. Love and Chan engaged in the scheme from at least February 2022 until the date of their arrest. Love met most of the victims, middle-class women in their 20s and 30s, online through dating platforms. He posed as a professional football player (wide receiver with the 49ers) and as a wealthy real estate developer and investor. Chan posed as Love's financial advisor and lied to victims about Love's financial success, and corroborated Love's fictitious stories about high yielding investment opportunities to convince victims to give Love or Chan their money.[2]

Arrest warrants were issued for Love and Chan by an Oregon federal magistrate judge. Following the issuance of the warrants, the FBI learned that Love was in Idaho, and that Chan was traveling to meet him. On August 24, Chan flew from California to Boise with Love awaiting Chan's arrival in a late model Corvette. At the time of his arrest, Love was wearing 49ers apparel. Both defendants were arrested at the Boise airport. The FBI later learned from interviews that Love was in Boise as part of his scheme and was actively defrauding three more victims in Idaho. During the five-week period prior to his arrest, Love travelled to New Mexico,

---

[1] The information set forth in this motion is derived primarily from the 46-page affidavit filed in support of the criminal complaint, but is augmented with information obtained by the FBI case agent, who will be available virtually to explain other information relevant to the detention motion. The Government requests that the Court review the complaint affidavit and also consider the sworn statements when ruling on detention.

[2] The government is not seeking to detain defendant Chan. There are conditions of release that can be fashioned which should reasonably assure his appearance on the charge in Oregon.

Case 1:26-cr-00124-DKG Document 12 Filed 03/17/26 Page 8 of 19

California, Oregon, Nevada, Utah, and Idaho. He used multiple phones during this time. Other than travelling here to scam his victims, Love has no ties to Idaho.

Love is a serial fraudster. His method of operation is to contact women through dating platforms, projecting himself as incredibly financially successful. He told victims he was an NFL player and a wealthy investor, who was worth $30 million. His elaborate scam included manipulating the internet to show that he was a bonafide NFL player and lived a luxurious lifestyle. Defendant Chan backstopped his story, using apps such as "Fake Bank Account Pro" and "Pocket Option" to help better establish Love's lies and make it appear Love was wealthy.

Once Love sufficiently enticed a victim, he arranged to meet with them. He engaged in physical, romantic relationships with some, and convinced most of the identified victims to give him their money as part of a bogus investment opportunity. Love travelled to multiple states to defraud victims. He has victimized 26 known victims out of $1.3 million.[3] To perpetuate his scheme, Love used several names, including Jon Love, Daejon Love, Avril Lyto Love, and Jordan Love. Once victims had no more money, or asked too many questions, Love cut off communications and kept their money.

Love threatened one of his victims with physical harm, prompting her to seek and obtain a restraining order against him. Love knows the physical addresses of some of his victims and recently told one victim he could "make her disappear" if she did not do what he wanted.

Love has a U.S. passport, and the scant information known about him suggests he was born in Texas. Love has no known fixed, reliable, address or residence. He is nomadic, and

---

[3] After Love's arrest the FBI identified additional victims, including an Idaho woman he was currently dating. She told the FBI she gave Love $20,000 and bought him three vehicles.

travels from state to state where he locates new victims. He lives in hotels, paid for with victims' money. He travels in extravagant, high-end cars, also funded with victim money.

Love has no known legitimate employment; since at least February 2022, defrauding victims has been Love's way of life. The financial analysis set forth in paragraphs 110-116 of the complaint affidavit suggests that the entirety of the $1.3 million sent to Love and Chan by their victims came from the fraud.

After Love was arrested in Boise, evidence was obtained from the Air BnB Love was renting. Included in Love's belongings was $3,000 in cash, and San Francisco 49ers gear - including a helmet - consistent with Love's false depiction of himself as a professional football player. Based on the forgoing, it is clear Love traveled to Idaho to defraud victims, just like he has done many times in other states over the course of four years.

## ANALYSIS

Whether a defendant is detained pending trial is a two-step analysis under the Bail Reform Act. First, the court determines whether a detention hearing is authorized. Second, the court determines whether "any condition or combination of conditions set forth in [§ 3142(c)] will reasonably assure the appearance of such person as required and the safety of any other person and the community." 18 U.S.C. § 3142(f).

### I. This Court should conduct a detention hearing because the Defendant poses a serious risk of flight.

A detention hearing is warranted if, upon motion of the attorney for the Government, the case involves a serious risk the defendant will flee. 18 U.S.C. § 3142(f)(2)(A). The Government must prove risk of flight by a preponderance of evidence. *United States v. Figueroa-Alvarez*, 681 F. Supp. 3d 1131, 1136 (D. Idaho July 10, 2023); *see also United States v. Santos-Flores*, 794 F.3d 1088, 1090 (9th Cir. 2015). A "serious risk of flight" under § 3142(f)(2)(A) is a great risk –

beyond average – "that the defendant will intentionally and actively move within or outside the jurisdiction to avoid court proceedings or supervision." *Figeuroa-Alvarez,* at 1138. When evaluating the risk, this Court has recognized the following four categories as relevant to its determination: (1) "incentives to flee"; (2) "ability to flee"; (3) "ties to the jurisdiction and the United States"; and (4) "reliability and trustworthiness of the defendant." *Id.* at 1140.

Here, those factors show that Defendant is a serious risk of flight, including:

1. <u>Incentives to flee</u>

The weight of evidence against Love is strong. The victim summaries in the FBI affidavit show a consistent theme that Love trolls dating sites on the internet, hunting for new victims. He cons them into believing he is something he is not – a rich NFL player, and a successful investor – and then obtains their money under the false promise that it will be invested and earn great profits. Defendant Chan messaged an associate that Love had money by "scamming those hoes." (Par. 92 to the complaint affidavit). Once he took their money, or if they asked too many questions, Love dropped them and moved on to his next victim. He has done this for years and earned $1.3 million from the scheme. The penalties for the charges carry up to twenty years in prison. A rough calculation of the offense conduct suggests that, if convicted, defendant's advisory sentencing guidelines will be between 46-57 months in prison. Given the strength of the Government's case and the significant advisory guideline range, the Defendant has every incentive to flee.

2. <u>Ability to flee</u>

Ability to flee involves the Defendant's access to resources that would enable flight. *See Figueroa-Alvarez,* 681 F. Supp. 3d at 1142. The Defendant is a fraudster, who uses multiple names, multiple vehicles, and travels through many states to meet and con his victims. He uses

Case 1:26-mj-00202-DKG Document 1-1 Filed 08/26/26 Page 6 of 7

multiple phones, and has no known residence. He has obtained significant proceeds from his crimes. Given this, the Defendant has the ability to flee, which includes failing to appear in Oregon to face the charges.

3. Ties to the jurisdiction and the United States

A defendant's lack of ties to the jurisdiction and the United States is one of the most significant factors for the Court to consider. *See id.* at 1142. "This fact-specific inquiry involves multiple factors: (i) length of residence in the jurisdiction and the United States; (ii) presence of family members in the jurisdiction and the United States; (iii) community ties to the jurisdiction and the United States; and (iv) ability to legitimately be employed and earn income in the United States." *Id.* at1142.

Not much is known about the Defendant's ties to anywhere, but he has no community ties to Idaho. He was here to commit ongoing fraud against a current victim and to recruit new victims. He is nomadic. In the weeks preceding his arrest, he travelled to six different states. He stays in hotels in various cities, moving from hotel to hotel. He has no fixed address, no known legitimate employment, and his family ties are unknown. This factor militates strongly in favor of detention.

4. Reliability and trustworthiness:

The Defendant uses aliases to commit his crimes. He lies to victims about his name, his job, his financial wherewithal and net worth. Releasing him to voluntarily appear in Oregon requires this Court to find he is reliable and trustworthy. He is neither. Rather, his conduct shows he cannot be trusted to follow through with any promises to voluntarily appear.

On balance, the evidence shows by a preponderance of the evidence that Defendant Love poses a serious risk of flight. As such, the Court should grant a detention hearing.[4]

Respectfully submitted this 26th day of August, 2026.

BART M. DAVIS
UNITED STATES ATTORNEY
By:

/s/ Kassandra McGrady
KASSANDRA MCGRADY
Assistant United States Attorney

---

[4] Pursuant to 18 U.S.C. § 3771(a)(4), a crime victim has a right to be reasonably heard at any public proceeding involving release. One of the Defendant's victims has provided the following statement regarding detention: "I strongly oppose the release of the defendant Daejon Love. He is predatory and is known to travel frequently by plane and by car all over the country. I would feel unsafe if he were to be freed into my community and I would worry he would continue to be a threat to my community and to me if I were to encounter him."

MIME−Version:1.0
From:ecf@id.uscourts.gov
To:CourtMail@localhost.localdomain
Bcc:
−−Case Participants: Idaho Federal Defender (id_attyecf@fd.org, joy_fish@fd.org, magali_ceja@fd.org, sybil_davis@fd.org, tabitha_penny@fd.org), Kassandra McGrady (caseview.ecf@usdoj.gov, christy.bright@usdoj.gov, kassandra.mcgrady@usdoj.gov, usaid.ecfnotice@usdoj.gov), US Magistrate Judge Debora K Grasham (debora_grasham@id.uscourts.gov)
−−Non Case Participants: US MARSHAL (ecf.idaho@usdoj.gov), US PROBATION SOUTHERN (boise@idp.uscourts.gov, boise@idp.uscourts.gov, boise@idp.uscourts.gov, travis.humkey@usdoj.gov, travis.humkey@usdoj.gov, travis.humkey@usdoj.gov)
−−No Notice Sent:

Message−Id:2908420@id.uscourts.gov
Subject:Activity in Case 1:26−mj−00212−DKG USA v. Love Initial Appearance − Rule 5(c)(3)/Rule 32
Content−Type: text/html

**U.S. District Court**

**District of Idaho (LIVE) NextGen 1.9**

## Notice of Electronic Filing

The following transaction was entered on 8/31/2026 at 5:37 PM MDT and filed on 8/27/2026

| | |
|---|---|
| **Case Name:** | USA v. Love |
| **Case Number:** | 1:26−mj−00212−DKG |
| **Filer:** | |
| **Document Number:** | 5(No document attached) |

**Docket Text:**
**Docket Text Minute Entry for proceedings held before US Magistrate Judge Debora K Grasham: Appearance by Darci Crane for the Government; Federal Defender John Cacheris appointed for the Defendant. Probation Officer Collin Graf present. Initial Appearance in Rule 5(c)(3) Proceedings as to Daejon Labrayae Love held on 8/27/2026. Court reviewed CJA23 Financial Affidavit. Upon proper finding by the Court, Defendant may be ordered to pay for all or part of the services of his appointed counsel pursuant to 18 U.S.C. §3006A(c), (f). Assertion of Fifth and Sixth Amendment Rights executed. Notice given re: GO392 − Brady Act. Oral showing/proffer by the Government re: 18 U.S.C. § 3142(f)(2) threshold. Government's Motion for Detention also filed at Dkt. [4]. Proffer by Defendant. Court determined a detention hearing is authorized in this matter, as stated on the record. Preliminary Revocation Hearing and Detention Hearing requested to occur in the charging district. Defendant to be transported by USMS to the District of Oregon for all further proceedings. Commitment to Another District executed. (Notice sent to USP & USM) Time in Court 1:11−1:41 PM. (ESR A. Tate.) Audio File Location Boise − Courtroom 6. (at)**

**1:26−mj−00212−DKG−1 Notice has been electronically mailed to:**

Idaho Federal Defender     joy_fish@fd.org, ID_AttyECF@fd.org, magali_ceja@fd.org, Sybil_Davis@fd.org, Tabitha_Penny@fd.org

Kassandra McGrady     kassandra.mcgrady@usdoj.gov, CaseView.ECF@usdoj.gov, christy.bright@usdoj.gov, USAID.ECFNOTICE@usdoj.gov

**1:26−mj−00212−DKG−1 Notice will be served by other means to:**

MIME−Version:1.0
From:ecf@id.uscourts.gov
To:CourtMail@localhost.localdomain
Bcc:
−−Case Participants: Idaho Federal Defender (id_attyecf@fd.org, joy_fish@fd.org, magali_ceja@fd.org, sybil_davis@fd.org, tabitha_penny@fd.org), Kassandra McGrady (caseview.ecf@usdoj.gov, christy.bright@usdoj.gov, kassandra.mcgrady@usdoj.gov, usaid.ecfnotice@usdoj.gov), US Magistrate Judge Debora K Grasham (debora_grasham@id.uscourts.gov)
−−Non Case Participants:
−−No Notice Sent:

Message−Id:2908422@id.uscourts.gov
Subject:Activity in Case 1:26−mj−00212−DKG USA v. Love
Content−Type: text/html

**U.S. District Court**

**District of Idaho (LIVE) NextGen 1.9**

## Notice of Electronic Filing

The following transaction was entered on 8/31/2026 at 5:39 PM MDT and filed on 8/27/2026

| | |
|---|---|
| **Case Name:** | USA v. Love |
| **Case Number:** | 1:26−mj−00212−DKG |
| **Filer:** | |
| **Document Number:** | 6(No document attached) |

**Docket Text:**
**DOCKET ENTRY ORDER APPOINTING FEDERAL DEFENDER: as to Daejon Labrayae Love. On the basis of the sworn financial affidavit, the Court finds Defendant is financially unable to retain counsel. It is hereby ORDERED that the Federal Defender Services of Idaho is hereby appointed to represent Defendant in these proceedings pursuant to Title 18 United States Code 3006A. IT IS FURTHER ORDERED that the Federal Defender shall immediately notify the Clerk's Office of any conflict of interest or inability to continue this appointment. Signed by US Magistrate Judge Debora K Grasham. (at)**

**1:26−mj−00212−DKG−1 Notice has been electronically mailed to:**

Idaho Federal Defender     joy_fish@fd.org, ID_AttyECF@fd.org, magali_ceja@fd.org, Sybil_Davis@fd.org, Tabitha_Penny@fd.org

Kassandra McGrady     kassandra.mcgrady@usdoj.gov, CaseView.ECF@usdoj.gov, christy.bright@usdoj.gov, USAID.ECFNOTICE@usdoj.gov

**1:26−mj−00212−DKG−1 Notice will be served by other means to:**

MIME−Version:1.0
From:ecf@id.uscourts.gov
To:CourtMail@localhost.localdomain
Bcc:
−−Case Participants: Kassandra McGrady (caseview.ecf@usdoj.gov, christy.bright@usdoj.gov, kassandra.mcgrady@usdoj.gov, usaid.ecfnotice@usdoj.gov), Idaho Federal Defender (id_attyecf@fd.org, joy_fish@fd.org, magali_ceja@fd.org, sybil_davis@fd.org, tabitha_penny@fd.org), US Magistrate Judge Debora K Grasham (debora_grasham@id.uscourts.gov)
−−Non Case Participants:
−−No Notice Sent:

Message−Id:2908424@id.uscourts.gov
Subject:Activity in Case 1:26−mj−00212−DKG USA v. Love DUE PROCESS PROTECTIONS ACT ORDER
Content−Type: text/html

**U.S. District Court**

**District of Idaho (LIVE) NextGen 1.9**

## Notice of Electronic Filing

The following transaction was entered on 8/31/2026 at 5:41 PM MDT and filed on 8/27/2026

| | |
|---|---|
| **Case Name:** | USA v. Love |
| **Case Number:** | 1:26−mj−00212−DKG |
| **Filer:** | |
| **Document Number:** | 7(No document attached) |

**Docket Text:**
**DOCKET TEXT DUE PROCESS PROTECTIONS ACT ORDER as to Daejon Labrayae Love: The Government shall adhere to all provisions of General Order #392.. Signed by US Magistrate Judge Debora K Grasham. (at)**

**1:26−mj−00212−DKG−1 Notice has been electronically mailed to:**

Idaho Federal Defender     joy_fish@fd.org, ID_AttyECF@fd.org, magali_ceja@fd.org, Sybil_Davis@fd.org, Tabitha_Penny@fd.org

Kassandra McGrady     kassandra.mcgrady@usdoj.gov, CaseView.ECF@usdoj.gov, christy.bright@usdoj.gov, USAID.ECFNOTICE@usdoj.gov

**1:26−mj−00212−DKG−1 Notice will be served by other means to:**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| United States of America<br><br>Plaintiff<br><br>v.<br><br>Daejon Labrayae Love<br><br>Defendant | No. 1:26-mj-00212-DKG<br><br>**Defendant's Assertion of Fifth and Sixth Amendment Rights** |

I, the above-named Defendant, assert my rights under the Fifth and Sixth Amendments of the United States Constitution, including but not limited to my rights to remain silent and to have counsel present at all my interactions with the government or others acting on the government's behalf. I do not wish to, and will not, waive any of my constitutional rights except in the presence of counsel. I do not wish to have, nor do I consent to, any contact with government officials, state or federal, including but not limited to law enforcement agents, except through my counsel. I do not want the government or others acting on the government's behalf to question me, or to contact me seeking a waiver of any rights, unless my counsel is present. The Government should so instruct its agents. This applies to all legal matters and investigations.

Date: 8/27/26

Defendant

Counsel for Defendant

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

United States of America,

Plaintiff,

v.

Daejon Labrayae Love

Defendant.

No.: 1:26-mj-00212-DKG

**Charging District's Case No:**

3:26-mj-00227

**Waiver of Rule 5 & 5.1 Hearings (Complaint or Indictment)**

I understand that I have been charged in another district, the (name of the district/court) U S District Court for the District of Oregon.

I have been informed of the charges and of my rights to:

1. retain counsel or request the assignment of counsel if I am unable to retain counsel;

2. an identity hearing to determine whether I am the person named in the charges;

3. production of the warrant, a certified copy of the warrant, or a reliable electronic copy of either;

4. a preliminary hearing within 14 days of my first appearance if I am in custody and 21 days otherwise -- unless I am indicted -- to determine whether there is probable cause to believe that an offense has been committed;

5. a hearing on any motion by the Government for detention;

6. request transfer of the proceedings to this district under Fed.R.Crim.P. 20, to plead guilty.

I agree to waive my right(s) to:

☐ an identity hearing and production of the warrant.

☐ a preliminary hearing.

☐ a detention hearing.

☒ an identity hearing, production of the warrant, and any preliminary or detention hearing to which I may be entitled in this district. I request that those hearings be held in the prosecuting district, at a time set by that court.

I consent to the issuance of an order requiring my appearance in the prosecuting district where the charges are pending against me.

Date: 8/27/26 ______________________
Defendant

Date: 8/27/26 ______________________
Attorney's Signature

John J Cacheris
Printed Name of Attorney